IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DIVERSIFIED ENTERPRISES, INC.,

        Plaintiff,

v.                                          CIVIL ACTION NO.  5:08-cv-00144

FIRSTCORP, LLC and
DYNAMIC RECOVERY SERVICES, INC.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff's Motion for Leave to Amend and Motion to Remand [Docket 8], Plaintiff's Motion for Leave to Amend [Docket 15], Defendant's Motion for Judgment on the Pleadings [Docket 9] and Defendant's Motion for Summary Judgment [Docket 25].  For the reasons set forth below, Plaintiff's Motion for Leave to Amend and Motion to Remand [Docket 8] is **GRANTED IN PART** as to the motion to remand and **DENIED IN PART AS MOOT** as to the motion to amend.  Accordingly, the other motions [Dockets 9, 15, and 25] are **DENIED AS MOOT**.

*I.  BACKGROUND*

Plaintiff filed the instant lawsuit in the Circuit Court of Raleigh County, West Virginia on January 30, 2008.  In the original complaint, which is styled "Complaint for Declaratory Judgment," Plaintiff alleged the following:

[1.]   Plaintiff financed a piece of equipment . . . from supplier Vermeer.

[2.]   [T]he down payment, initial credits and subsequent payments made under this relationship [result in an outstanding balance of $12,377.25 as of the filing of the lawsuit.]

[3.]   This financial interest in the equipment was assigned to Defendant FirstCorp effective February 1, 2003 as indicated on Notice dated December 30, 2002.

[4.]   The debt was not properly being reported by FirstCorp to Plaintiff for payments properly received.

[5.]   FirstCorp instead of attempting to resolve this billing dispute in good faith employed the services of Defendant Dynamic.

[6.]   Dynamic agents have faxed, called, harassed, threatened and coerced in violation [of] TITLE VII - Debt Collection Practices [the Fair Debt Collection Practices Act (FDCPA)] Section 806.  Harassment or abuse of the employees and prior employees of Plaintiff. [sic]

[7.]   Plaintiff has paid the full amount of the indebtedness and is not in breach of the agreement and as a result seeks relief from the unlawful conduct of defendants.

[8.]   Plaintiff would also seek punitive damages for the outlandish and violative conduct of the Defendant's agents in contravention of the [FDCPA].

(Docket 2 ¶¶ 4-11.)  Plaintiff seeks judgment "in the amount of Fifty Thousand Dollars ($50,000.00), costs due for punitive damages, pre-judgment and post-judgment interest, attorney's fees, costs . . . and [] such other relief as this Court may deem appropriate." (*Id.* at 4.)

Defendant timely removed the case to this Court on March 4, 2008, stating that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because "Plaintiff's Complaint purports to set forth a cause of action under 15 U.S.C. §§ 1692 *et seq.*" (Docket 1 ¶ 2.)  Plaintiff then filed the instant Motion for Leave to Amend and Motion to Remand [Docket 8] on March 21, 2008, seeking to amend its complaint to remove references to the FDCPA or, in the alternative, to

remand the case to the Circuit Court of Raleigh County. Defendant responded on April 7, 2008 [Docket 11]. Plaintiff has yet to reply and the motion is accordingly ripe for the Court's review.[1]

## II. APPLICABLE LAW

Civil actions filed in state courts are generally properly removable to United States district courts as long as the district court would have original jurisdiction over the action. *See* 28 U.S.C. § 1441. Original jurisdiction exists over all actions arising under the laws of the United States. 28 U.S.C. § 1331. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). When a cause of action is based on state law, "original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983). "The mere mention of a federal statute in the course of setting forth state-law claims does not confer federal jurisdiction." *Martin v. Lagualt*, 315 F. Supp. 2d 811, 814 (E.D. Va. 2004) (citing *In re Bridgestone/Firestone Tires Prods. Liab. Litig.*, 203 F. Supp. 2d 1032, 1036 (S.D. Ind. 2002)). All doubts regarding the Court's jurisdiction are to be resolved in favor of remanding the action to state court. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (citing *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 10 (1951)).

---

[1] Defendant filed its Motion for Judgment on the Pleadings [Docket 9] on April 1, 2008, Plaintiff filed its Motion for Leave to Amend [Docket 15] seeking to join CIT Technologies Financing Services, Inc. as a defendant on May 12, 2008, and Defendant filed its Motion for Summary Judgment [Docket 11] on July 11, 2008. As noted below, those motions are **DENIED AS MOOT**.

3

## *III. ANALYSIS*

In Defendant's Notice of Removal [Docket 1] and Memorandum in Opposition to Plaintiff's Motion for Leave and Motion for Remand [Docket 11], Defendant states that Plaintiff's complaint states a cause of action under the FDCPA. Accordingly, Defendant contends that this Court has original jurisdiction over the action because the FDCPA is a law of the United States. *See* 28 U.S.C. § 1331. In the alternative, Defendant argues that the Court has diversity jurisdiction under 28 U.S.C. § 1332 because the case is between citizens of different states and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

As a general rule, a declaratory judgment action does not present an independent basis for federal jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950). Thus, a complaint seeking a declaratory judgment must state a federal cause of action before the Court may retain jurisdiction. Here, the gravamen of Plaintiff's cause of action is based in contract law; namely, Plaintiff seeks a declaration of its rights under the sales contract and alleges that it has fulfilled its obligations under that contract.[2] Plaintiff's mention of the FDCPA is not sufficient to state a cause of action, rather, the alleged FDCPA violations constitute conduct by Defendant ancillary to its attempted collection of a debt that it allegedly is not owed. Moreover, "[v]iolation of the federal FDCPA[] is not a necessary element of a [state law contract] claim." *Martin*, 315 F. Supp. 2d at 814. Thus, the complaint fails on its face to state a cause of action under a federal statute and the Court accordingly lacks jurisdiction under 28 U.S.C. § 1331.[3]

---

[2] Plaintiff's motion to amend the complaint further reveals Plaintiff's true intent to avoid stating a cause of action under the FDCPA.

[3] Because the Court finds that it lacks jurisdiction in this case, it does not reach the question of
(continued...)

Although Defendant's Notice of Removal [Docket 1] does not allege diversity jurisdiction as a basis for removal, Defendant proposes diversity as an alternative basis for jurisdiction in its response to the motion to remand. Federal diversity jurisdiction exists where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Here, the complaint alleges that Plaintiff is a West Virginia corporation and that Defendants are foreign corporations, thus satisfying the citizenship requirement. The complaint seeks as relief the amount of $50,000, plus attorney's fees and punitive damages pursuant to the FDCPA. Punitive damages, however, are not available under the FDCPA. *See* 15 U.S.C. § 1692k; *Thomas v. Law Firm of Simpson & Cybak*, 244 F. App'x 741, 743 (7th Cir. 2007) (unpublished). Neither are punitive damages available in garden-variety contract cases such as the instant case. *Berry v. Nationwide Mut. Fire Ins. Co.*, 381 S.E.2d 367 (W. Va. 1998). Thus, because punitive damages are unavailable in this case, the amount in controversy is limited to the $50,000 demand plus attorney's fees. Accordingly, it appears to a legal certainty that the claim is below the requisite jurisdictional amount. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Because the case does not satisfy the amount-in-controversy requirement, this Court may not retain diversity jurisdiction and the case must be remanded.[4]

---

[3](...continued)
whether Plaintiff may assert a cause of action under the FDCPA. However, the Court's conclusion here is buttressed by the fact that Plaintiff is not a consumer, and is thus unable to allege a cause of action under the FDCPA. *See* 15 U.S.C. § 1692a.

[4] Even assuming that Plaintiff sufficiently pled a cause of action under the FDCPA such that the Court could retain federal question jurisdiction, the Court could nevertheless grant Plaintiff's motion to amend its complaint to remove the FDCPA cause of action. Such an amendment would divest the Court of federal question jurisdiction, leaving only the state-law contract claim. Thus, the same amount-in-controversy analysis would apply in assessing the Court's diversity jurisdiction
(continued...)

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Leave to Amend and Motion to Remand [Docket 8] is **GRANTED IN PART** as to the motion to remand and **DENIED IN PART AS MOOT** as to the motion to amend. Accordingly, Plaintiff's Motion for Leave to Amend [Docket 15], Defendant's Motion for Judgment on the Pleadings [Docket 9] and Defendant's Motion for Summary Judgment [Docket 25] are **DENIED AS MOOT**. The case is hereby **REMANDED** to the Circuit Court of Raleigh County, West Virginia for further proceedings. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party and a certified copy to the Clerk of the Circuit Court of Raleigh County.

ENTER: July 31, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[4](...continued)
under that claim and the case would still be remanded.